FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 9 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **-ODE** |
| v. | ) ) | CIVIL ACTION FILE |
| ROBERT P. COPELAND, P.C.; ROBERT P. COPELAND; and GREENPOINT MORTGAGE FUNDING, INC., | ) ) ) ) ) | NO. 1-09-CV-2347 |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Hartford Casualty Insurance Company ("Hartford") and files this Complaint for Declaratory Judgment, showing the Court as follows:

### PARTIES

1.

Hartford, plaintiff herein, is an Indiana company with its principal place of business in Connecticut.

2.

Robert P. Copeland, P.C., a defendant herein, is a Georgia professional corporation with its principal place of business in Georgia. It may be served

through its registered agent, Robert P. Copeland, 425 Franklin Road, Suite 520, Atlanta, Georgia 30067.

3.

Robert P. Copeland, an individual defendant herein, is a resident of Georgia. He may be served at 425 Franklin Road, Suite 420, Atlanta, Georgia 30067.

4.

GreenPoint Mortgage Funding, Inc. ("GreenPoint"), a defendant herein, is a New York corporation, with its principal place of business in California.   Its registered agent for service of process in Georgia is Corporation Service Company, 40 Technology Parkway South, Norcross, Georgia 30092.  GreenPoint is properly named so it will be bound by the coverage rulings of this Court.

## **JURISDICTION AND VENUE**

5.

There is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

7.

This case involves a claim for coverage under an insurance contract issued in Cobb County to a Cobb County insured, and arises from litigation presently pending in Cobb County. Venue is therefore proper in this Court under 28 U.S.C. § 1391.

8.

There is an actual controversy over insurance coverage, including the matter of ongoing defense costs, such that this Court may declare the rights and obligations of Hartford pursuant to 28 U.S.C. § 2201.

9.

Once served, all defendants will be subject to the personal jurisdiction of this Court.

## UNDERLYING LAWSUIT

10.

On or about January 30, 2007, GreenPoint sued Robert P. Copeland, P.C. and Robert P. Copeland, individually (hereinafter referred to jointly as "Copeland") in the Superior Court of Cobb County, where it was assigned Civil Action No. 07-1-0839-99. A true and complete copy of GreenPoint's Complaint is attached hereto as Exhibit A.

11.

In its Complaint, GreenPoint alleges that it extended two loans to an individual named Simon Blucher to purchase of property commonly known as 409 Angier Court, Atlanta, Georgia 30312 ("the Property"). The loan amounts were $906,750 and $139,500, respectively.

12.

Blucher purchased the Property from AskJon Builders, Inc. ("AskJon").

13.

GreenPoint's loans were secured by a mortgage issued by Blucher, with Copeland acting as the closing attorney.   In that capacity, Copeland prepared HUD-1 settlement statements for each loan, true and complete copies of which are attached hereto as Exhibits "B" and "C."

14.

GreenPoint alleges that Copeland was the closing attorney on a transaction that same day where the Property was purchased by AskJon for the amount of $585,000.  Copeland failed to inform GreenPoint of the AskJon purchase, which GreenPoint claims violated closing instructions provided to Copeland.  GreenPoint further alleges that Copeland issued a Title Commitment to GreenPoint on August 15, 2002, falsely stating that AskJon owned the Property on that date.

15.

Based on the facts alleged in its Complaint, GreenPoint sought damages against Copeland for breach of contract, professional malpractice, negligence, negligent misrepresentation, and breach of fiduciary duty.  GreenPoint supported its complaint with an affidavit pursuant to O.C.G.A. 9-11-9.1, stating as follows:

> Having closed the Reid-AskJon sales transaction earlier on the same day, Copeland's law firm and Copeland knew that the sales price of the AskJon-Blucher sales transaction was significantly higher than the sales price of the Reid-AskJon sales transaction.  Consequently, the Copeland Law Firm and Copeland knew, or should have known that the loans being funded by GreenPoint were very probably in excess of the actual market value of the property.

16.

GreenPoint subsequently amended its complaint to delete all causes of action except breach of contract.  A true and complete copy of GreenPoint's Amendment to Complaint is attached as Exhibit "D."

**INSURANCE POLICY PROVISIONS**

17.

Hartford has been defending Copeland pursuant to a reservation of rights under an insurance policy issued to Robert T. Copeland, P.C., as the named insurer for the period December 12, 2005 to December 12, 2006 and bearing policy

number 20 SBA TE8391.  A true and complete copy of the policy is attached as Exhibit "E.  True and correct copies of the reservation of rights letters are attached as Exhibit "F" and "G."

18.

The policy provides that Hartford will pay "on behalf of the 'insured' all sums in excess of the deductible which the 'insured' shall become legally obligated to pay 'damages' by reason of any act, error or omission, including 'claims' arising out of 'personal injury,' committed or alleged to have been committed prior to the end of the 'policy period' and subsequent to the 'retroactive date.'"

19.

The grant of coverage is subject to limitations, including that:

> As of the effective date of this Coverage Form, no 'insured' knew or could have foreseen that such act, error, omission or 'personal injury' could result in a 'claim.'

20.

The grant of coverage is subject to exclusions, including:

> "Claim(s)" arising out of an act, error, omission or 'personal injury' committed by the 'insured' or at the 'insured's' direction with acts that were dishonest, fraudulent, criminal or malicious purpose for intent; however, this exclusion shall not apply to "insured(s)" who did not commit or personally participate in such act, error, omission or 'personal injury.'

-6-

## ADDITONAL FACTS

### 21.

When Copeland issued the Title Commitment to GreenPoint dated August 15, 2002, AskJon had never held title to the Property.  Title on that date was in fact held by Citibank, N.A., which transferred title to the Reids on December 23, 2002.

### 22.

AskJon did not acquire title to the Property until February 7, 2003, the same day that it purchased the Property from the Reids and sold it to Blucher.

### 23.

When Copeland closed the sale from AskJon to Blucher for a sales price of $1,395,000, he knew that AskJon had purchased the Property from the Reids that same day for a sales price of $585,000.

### 24.

Blucher defaulted on the payments due GreenPoint, resulting in a foreclosure of the Property.

### 25.

When Copeland closed the sales on February 7, 2003, he knew or could have foreseen that failing to inform GreenPoint of the sale to AskJon the same day could result in a claim for damages.

26.

When Copeland closed the sales on February 7, 2003, he knew or could have foreseen that failing to inform GreenPoint of the differential between the sales prices could result in a claim for damages.

27.

Copeland's failure to inform GreenPoint of the sale by the Reids to AskJon and the amount of the sales price was dishonest, fraudulent, criminal or malicious.

## **RELIEF SOUGHT**

28.

Based on all the terms, conditions and exclusions in the policy (whether expressly mentioned or identified in this Complaint or not) as well as under relevant legal principles and public policy concerns, Hartford seeks a declaration as to its obligations to defend and/or indemnify Copeland for the claims asserted in the underlying lawsuit.

WHEREFORE, Hartford prays that the Court:

(a)     Declare that Hartford has no duties to defend or indemnify Copeland for the claims asserted in the GreenPoint lawsuit;

(b)     Award other and further relief as is just and proper; and

(c)     Convene a jury to resolve all issues so triable.

Respectfully Submitted,


**FREEMAN MATHIS & GARY, LLP**

_____
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com

Attorneys for Plaintiff Hartford
Casualty Insurance Company


100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T – 770.818.0000
F – 770.937.9960
RE5028/5419.43204